

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Case No. CR407-042 |
| ) | |
| KEVIN LEROI GREEN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant, indicted for possession of a firearm by a convicted felon, has filed a motion to suppress which essentially contends that the government lacks sufficient evidence to secure his conviction of the charged offense. Doc. 24. Defendant's motion to suppress is without merit and should be DENIED.

Defendant argues that there this no "connecting nexus between the gun taken and himself." Id. Defendant also argues that the firearm was taken unlawfully, as the police lacked probable cause to believe that defendant was committing a crime. Id. Lastly, defendant questions

whether the testimony introduced to the grand jury was sufficient for obtaining the indictment. Id.

The Court will not consider an unparticularized motion to suppress, for the Court is not required to hold an evidentiary hearing unless a defendant alleges facts that, if proved, would require the grant of relief. United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985). "A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented . . . . A court need not act upon general or conclusory assertions . . . ." Id. Defendants are not entitled to an evidentiary hearing based on some assurance "to prove at the hearing that which they did not specifically allege in their motion to suppress." United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000). A mere averment that police lacked probable cause to arrest defendant is insufficient without an assertion of facts to support the claim. Defendant has not attached a supporting affidavit setting forth his factual contentions, as required by Local Criminal Rule 12.1, and nothing in the record alleges any facts to support this contention.

Furthermore, a contention that the police lacked probable cause to *arrest* defendant, while possibly furnishing grounds for recovery under 42 U.S.C. § 1983, would not thereby undermine the probable cause finding made by the grand jury, which may base its decision to indict on information unavailable to the arresting officers. See Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (noting "the established rule that illegal arrest . . . does not void a subsequent conviction" and that an accused is not "entitled to judicial oversight or review of the [prosecutor's] decision to prosecute"). See also Heck v. Humphrey, 512 U.S. 477, 484, 487 n.7 (1994); Montgomery v. DeSimone, 159 F.3d 120, 126 n.5 (2d Cir. 1998); Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995). The federal courts may not assess the sufficiency of the evidence supporting an indictment obtained from an unbiased grand jury. United States v. Calandra, 414 U.S. 338, 344-45 (1974); Costello v. United States, 350 U.S. 359, 362-63 (1956); United States v. Ayarza-Garcia, 819 F.2d 1043, 1048 (11th Cir. 1987). The Federal Rules of Criminal Procedure permit a defendant to raise prior to trial only those defenses or objections which are "capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b). "It follows that a pretrial motion to dismiss the indictment cannot

be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue." Ayarza- Garcia, 819 F.2d at 1048. While this Court may review the *legal* sufficiency of the indictment, it may not at this stage review the sufficiency of the proof that will be offered in support of the indictment's allegations or second-guess the grand jury's probable cause findings. United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004); United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam).

The indictment in this case alleges the requisite nexus between defendant and the firearm and, therefore, is legally sufficient to call for a trial on the merits. Whether the indictment is based upon sufficient evidentiary support may not be determined through a pretrial motion, for there is no summary judgment procedure in criminal law akin to that of the civil law. Critzer, 951 F.2d at 307. Should the government fail to meet its burden at trial of establishing each element of the crime charged in the indictment, defendant can at that time move for a judgment of acquittal under Federal Rule of Criminal Procedure 29 prior to the submission of the case to the jury.

Based on the foregoing, defendant's motion to suppress should be DENIED.

**SO REPORTED AND RECOMMENDED** this 23rd day of April, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**