# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| KEVIN LEROY GREEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-198 |
| | ) | CR407-042 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Kevin Green was convicted by a jury of violating 18 U.S.C. § 922(g) (possession of a firearm by a convicted felon) and given an enhanced sentence of 262 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). *See* docs. 1[1] (indictment); 65 (jury verdict); 70 (judgement for 262 months' imprisonment); 78 (mandate affirming judgment, filed May 30, 2008). Invoking 28 U.S.C. § 2255, he seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize the 262-month

---

[1]  The Court is citing to the criminal docket in CR407-042 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

enhanced sentence[2] he received for possession of a firearm and ammunition as a career felon. Doc. 111 at 4-5.

## I.   BACKGROUND

Green was found guilty by a jury of one count of possession of a firearm by a convicted felon. Doc. 65. His Presentence Investigative Report (PSR) deemed him an armed career criminal, and the Court ultimately sentenced him to 262 months' imprisonment. Docs. 29 & 33.

After unsuccessfully appealing his conviction, *United States v. Green*, 275 F. App'x 898 (11th Cir. 2008), Green filed his first § 2255 motion, in which he raised a due process claim and several ineffective assistance of counsel claims. Doc. 79. The Court denied that motion on the merits. Docs. 85; 90; 91. On appeal, the Eleventh Circuit denied Green a Certificate of Appealability (COA) and leave to proceed *in forma pauperis*, finding "all of Green's claims were legally and factually meritless." *Green v. United States*, No. 10-13906E (11th Cir. Mar. 14,

---

[2]   The enhancement was based upon Green's four prior convictions for drug offenses and violent felonies, to wit: robbery by "force," aggravated assault, sale of a controlled substance, and possession with intent to distribute more than one ounce of marijuana. PSR ¶¶ 24, 28, 29, 31, 31, 32; *see also* doc. 114-2 (felony charge and guilty plea for violation of O.C.G.A. § 16-8-40; doc. 114-3 (felony charge and guilty plea for violation of O.C.G.A. § 16-5-21); doc. 114-4 (felony charge and guilty plea for violation of O.C.G.A. § 16-13-30), doc. 114-5 (felony charge and guilty plea for violation of O.C.G.A. § 16-13-30).

2011); *see* doc. 108.

The Supreme Court has since held in *Johnson* that the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. at 2557. Green sought (and ultimately received) permission from the Eleventh Circuit to file a successive § 2255 claim. *See In re: Kevin Leroy Green*, No. 16-12531J (June 13, 2016) (granting his successive § 2255 motion pursuant to *Welch*, 136 S. Ct. 1257 (holding *Johnson* retroactive)) (attached). He then filed this, his second § 2255 motion, arguing that his convictions for robbery by force, aggravated assault, and possession with intent to distribute marijuana no longer qualify as ACCA predicates. Doc. 111. The Government opposes. Doc. 114.

## II.  ANALYSIS

### A.  The *Johnson* Decision

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla, felon-in-possession convictions fetch a maximum 10 year

sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

To qualify as an ACCA "violent felony," the crime must be an offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves the use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). These three definitions are known, respectively, as (1) the elements clause, (2) enumerated crimes clause, and (3) residual clause. *Johnson* held that that "residual clause" was unconstitutionally vague. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" as defined by ACCA provisions other than the residual clause. *See, e.g., Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain

4

valid. *United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA, rather than the "residual" clause, survive *Johnson*).

## B.   Green's Convictions

Green disputes that his ACCA-enhanced sentence survives *Johnson*. Doc. 111. He contends that of his four priors, his convictions for a 1987 aggravated assault, 2001 possession with intent to distribute more than one ounce of marijuana, and 1994 robbery by force no longer qualify as ACCA predicate offenses. *Id.* Green apparently concedes that his 1989 conviction for sale of a controlled substance (cocaine) remains a valid ACCA predicate. *See* docs. 111 & 121.

### i.   Serious Drug Offenses

Because the *Johnson* decision only invalidated the residual clause of the ACCA, serious drug offenses remain ACCA predicates. A "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

After *Johnson*, Green's 1989 conviction for sale of cocaine under

O.C.G.A. § 16-13-30(b)[3] and 2001 conviction for possession of marijuana

with intent to distribute under O.C.G.A. § 16-13-30(j)[4] remain ACCA

---

[3]  Green concedes this conviction still qualifies as a serious drug offense, and for good reason.   Green's Georgia sale of cocaine conviction fits the § 924(e) definition because: (1) it was a state law crime, (2) selling is a form of distributing, (3) cocaine is a controlled substance, and (4) the crime was punishable by up to thirty years at the time he was convicted.   In 1989, the statute provided "Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell or possess with intent to distribute any controlled substance," and it made such a violation "with respect to a controlled substance in Schedule I or narcotic drugs in Schedule II" punishable "by imprisonment for not less than five years nor more than 30 years" on the first offense.   O.C.G.A. §§ 16-13-30(b),(d) (version in effect from 1981-1996); *see* Ga. L. 1980, p. 432, § 1; Ga. L. 1985, p. 149; Code. Ann. 79A-811(b), (d) (1980); *Dennard v. State*, 265 Ga. App. 229, 229 (2004) (cocaine qualifies as narcotic drug).   This offense clearly remains a qualifying "serious drug offense" for ACCA sentence-enhancing purposes.

[4]  A conviction for violating O.C.G.A. § 16-16-13-30(j) is analyzed under the modified categorical approach. *United States v. Stevens*, 654 F. App'x 984, 987 (2016) (because "§ 16-13-30(j)(1) lists disjunctively 'possession' and 'possession with intent to distribute' -- thereby creating separate offenses -- the statute is divisible.") (citing *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2281 (2013) (a statute is "divisible" when it "sets out one or more elements of the offense in the alternative"); *Vines v. State*, 296 Ga. App. 543 (2009) (finding evidence sufficient to support conviction for possession of marijuana under O.C.G.A. § 16-13-30(j)(1), but vacating a conviction for possession with intent to distribute where insufficient evidence existed of defendant's intent to distribute)).

  Under the modified categorical approach, courts consult certain *"Shepard"* documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms to determine the statutory basis for conviction. *Johnson*, 559 U.S. at 144; *see also In re Hires*, 825 F.3d 1297, 1302 (11th Cir. 2016) (undisputed facts contained in a PSR may also be used in determining the statutory basis for conviction).   Here, movant pled guilty to the charges of the indictment, that he "unlawfully possess[ed] marijuana, more than an ounce . . . with an intent to distribute . . . contrary to the laws of Georgia."   Doc. 114-5 at 4-5 (indictment & guilty plea); *Stevens*, 654 F. App'x at 987 (to constitute an ACCA-predicate offense, "the undisputed facts in [the *Shepard* documents must] show that

predicates. *See In re Williams*, 826 F.3d 1351, 1356 (2016) (prior convictions for a "felony drug offense" are "not even arguably affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a violent felony."). That's two ACCA-enhancing predicate offenses.

### ii.  Aggravated Assault

Post-*Johnson*, convictions for aggravated assault remain enhancement-triggering violent felonies under ACCA's elements clause. That clause categorizes as violent felonies those crimes that have "as an element the use, or attempted use, or threatened use of physical force

---

[defendant] was convicted under Georgia law of possession with intent to distribute marijuana (*not* mere possession of marijuana).").

Green's 2001 conviction for possession with intent to distribute marijuana fits the ACCA's definition because (1) it was a state law crime (2) punishable by up to ten years in prison (3) for the intent to distribute (4) a controlled substance under federal law. 18 U.S.C. § 924(e)(2)(A)(ii); 21 U.S.C. §§ 802(6), 812, Schedule I(c)(10) (listing marijuana as a Schedule I controlled substance); *Reeves v. United States*, 2016 WL 6394308 at *3 (S.D. Ga. Oct. 26, 2016) (possession with intent to distribute a controlled substance in violation of O.C.G.A. § 16-13 *et seq.* is a valid ACCA predicate offense); *see also* O.C.G.A. § 16-13-30(j)(2) ("any person who violates this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years"); *Olson v. State*, 166 Ga. App. 104, 110 (1983) (determining Georgia Controlled Substances Act maximum sentence for marijuana distribution is ten years). That marijuana may not constitute a "controlled substance" under Georgia law is immaterial -- enhancement is governed by definitions set forth in *federal* law, not state law, *United States v. Tamayo*, 80 F.3d 1514, 1523 (11th Cir. 1996), and federal law requires only that Green's *Shepard* documents establish that he was convicted of possession with intent to distribute marijuana, a state offense punishable by at least one and up to ten years in prison. He does not dispute those facts.

against the person of another." 18 U.S.C. § 924(e)(1)(2)(B)(i). Green's

1987 conviction for aggravated assault, pursuant to O.C.G.A. § 16-5-21,

unquestionably comes under the ACCA. *Hayward v. United States*, 2016

WL 5030373 at *3 (S.D. Ga. Sept. 19, 2016); *Neesmith v. United States*,

2016 WL 1688780 at * 2 n. 2 (S.D. Ga. Apr. 26, 2016). At the time of his

conviction, the Georgia statute provided that a person committed

aggravated assault when he, "with a deadly weapon or with any object,

device, or instrument which, when used offensively against a person, is

likely to or actually does result in serious bodily injury." O.C.G.A. § 16-

5-21(a)(2). Clearly, the state statute requires as an *element* the use of

"threatened use of physical force against the person of another."

18 U.S.C. § 924(e)(1)(2)(B)(i).[5] And that's three ACCA enhancement-

---

[5]    The Eleventh Circuit has held that an analogous Florida aggravated assault statute:

> is categorically a violent felony under the ACCA's elements clause. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1337-38 & n. 6 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 576 U.S. ___, 135 S. Ct. 2551. In *Turner*, we reasoned that an aggravated assault conviction "will always include as an element the threatened use of physical force against the person of another." *Id*. at 1338 (quotations marks and alteration omitted). This Court noted that it was not necessary to review the underlying facts of the conviction to classify aggravated assault as a violent felony because, by its own terms, the offense required a threat to do violence to the person of another.

*Hires*, 825 F.3d 1297, 1301 (11th Cir. 2016). Though unnecessary to a finding that Georgia aggravated assault (assault with a deadly weapon) is an ACCA-predicate

triggering convictions.  18 U.S.C. § 924(e)(1).[6]

---

offense, a review of the *Shepard* documents further underscore that Green was indeed convicted for a violent felony within the meaning of the ACCA. *Johnson*, 559 U.S. at 144 (to determine the statutory basis for conviction, a court may consult certain *"Shepard"* documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms); *Hires*, 825 F.3d at 1302 (undisputed facts contained in a Presentence Investigative Report may also be used in determining the statutory basis for conviction).

After chasing his victim into the street and stabbing him three times in the back, Green pled guilty to a state court indictment charging him with "unlawfully mak[ing] an assault upon the person of Michael Bosley with an offensive weapon, to wit: a knife" in violation of O.C.G.A. § 16-5-21.  PSR ¶ 28; *see* doc. 114-3 at 7 (indictment) & 6 (guilty plea).  Green's conviction for aggravated assault was indisputably for a violent felony as contemplated by Congress.

[6]   Green has three ACCA predicate offenses, obviating the need to resolve whether his fourth prior conviction (for a 1994 robbery by force) also is an ACCA-predicate offense.  Were it to do so, however, the Court would be inclined to conclude that it does.  Robbery in Georgia can be committed in one three of ways: by use of force; by intimidation, threat or coercion, or placing a person in fear of immediate bodily injury; or by "sudden snatching."  O.C.G.A. § 16-8-40.  Given the disjunctive listing of statutory elements, Georgia robbery cannot categorically qualify as a violent felony following *Johnson*, *In re: Herman McClouden*, No. 16-13525-J (11th Cir. July 12, 2016), copy available at *McClouden v. United States*, 2016 WL 5109530 at *4 (S.D. Ga. Sept. 20 2016), but must instead be analyzed under the modified categorical approach.  *Descamps*, 133 S. Ct. at 2281 (the modified categorical approach is used when a statute is "divisible," such that it "sets out one or more elements of the offense in the alternative").

Green pled guilty to "the offense of robbery by force (16-8-40)" by taking a briefcase "from the person of Heather Perillo by use of an offensive weapon, to wit: his fists."  Doc. 114-2; PSR ¶ 31.  Though the Court makes no finding as to whether his robbery by force conviction under O.C.G.A. § 16-8-40(a)(1) survives *Johnson* as an ACCA-enhancing violent felony, *see* 559 U.S. at 138, it is worth noting that under the modified categorical approach, robbery by force more than likely qualifies as an ACCA predicate offense under the elements clause of § 924(e).  *See* 18 U.S.C. § 924(e)(1)(2)(B)(i) (a violent felony involves the "threatened use of physical force against the person of another."); *Nelson v.* State, 203 Ga. 330, 337-39 (1948) ("When the [Georgia] Code speaks of force, it means actual violence" and "personal violence," and it "implies actual personal violence, a struggle and a personal outrage."); *United States v. Duncan*, 833 F.3d 751, 756 (7th Cir. 2016) ("the case law rejects" the position that "putting someone in fear of something as minor as a bruise or simple

## III. CONCLUSION

Green thus has passed the ACCA three-conviction threshold for enhancement as an armed career criminal. Because his prior convictions remain predicate offenses triggering an ACCA enhancement, *see* 18 U.S.C. §§ 924(e)(1) & (2)(B), *Johnson* has no impact on the validity of his sentence. Accordingly, Kevin Green's § 2255 motion should be **DENIED** on the merits.[7]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned

---

physical pain cannot qualify as a violent felony"); *United States v. Smith*, 2016 WL 6875877 at * 6 (E.D. Tenn. Nov. 21, 2016) ("All federal courts of appeals which have considered robbery offenses that . . . require more force than mere purse snatching have concluded that such offenses qualify as either crimes of violence or violent felonies under the use-of-force clause.") (collecting cases).

[7] In his request for authorization to file a second motion, Green was granted authorization only to move forward on his *Johnson* claim. *See Green*, No. 16-12531 at 2, 5. In the instant motion, however, Green raises entirely new claims involving the advisory sentencing guidelines, purported misstatements of fact in the PSR, and an objection to the characterization of his prior convictions occurring on different occasions. *See* doc. 111 at 5-6. The Eleventh Circuit did not authorize these claims, so this Court lacks jurisdiction over them. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010) ("Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion).

"Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __9th__ day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA